IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| 22ND CENTURY TECHNOLOGIES, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> THE UNITED STATES <br><br> *Defendant*. | Case No.: 1:21-cv-01309-CFL <br> Senior Judge Charles F. Lettow |

**UNOPPOSED MOTION TO INTERVENE AS A DEFENDANT BY
MEDICAL SCIENCE & COMPUTING LLC**

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"), Medical Science & Computing LLC ("MSC"), a Dovel Group, LLC ("Dovel") company, respectfully moves to intervene as a party-defendant in the above-captioned bid protest. Counsel for plaintiff 22nd Century Technologies, Inc. ("22nd Century") and for the United States have been notified of this motion, and neither party opposes MSC's motion to intervene. For the reasons set forth below, MSC is entitled to intervene as a matter of right in accordance with Rule 24(a).[1]

**FACTUAL BACKGROUND**

On May 3, 2021, Plaintiff 22nd Century filed a post-award bid protest challenging the National Institutes of Health's ("NIH" or "Agency") award of indefinite–delivery, indefinite-quantity ("IDIQ") contracts to MSC and three other companies, pursuant to Request for Proposal

---

[1] Under RCFC 24(c), a motion to intervene must ordinarily "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." That requirement, however, is inapplicable in bid protests, where the parties proceed on motions for judgment on the administrative record. *See Progressive Indus., Inc. v. United States,* No. 14-1225C, 2015 WL 1810495, at *6 (Fed. Cl. Apr. 17, 2015) (rejecting argument that separate pleading is required for intervention in bid protest).

1

No. HHS-NIH-NIDA-SOL-2021-001 (the "Solicitation" or "RFP"). (ECF No. 1.) Through this Scientific, Operations, and Administrative Resources ("SOAR") IDIQ contract, NIH sought contractor support for new and in-progress research projects, program deployment and implementation, and other activities necessary to conduct the business and fulfill the mission of NIH's biomedical research program. NIH awarded MSC a SOAR contract on April 16, 2021.

## ARGUMENT

**A.     MSC Is Entitled To Intervene as a Matter of Right.**

MSC has the right to intervene under Rule 24(a), which states that the Court "must permit" anyone to intervene as a matter of right when:

> [The applicant] claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

RCFC 24(a)(2); *see also Am. Renovation & Constr. Co. v. United States*, 65 Fed. Cl. 254, 259 (2005) (holding that an intervenor under RCFC 24(a) must "demonstrate (l) an interest in the subject matter of the litigation; (2) an impairment of that interest if intervention is denied; and (3) inadequate representation of its interest by the parties in the action."). The "requirements for intervention are to be construed in favor of intervention." *CHE Consulting, Inc. v. United States*, 71 Fed. Cl. 634, 635 (2006); *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1560 (Fed. Cir. 1989). If the would-be intervenor shows that each factor exists, "the court is without discretion, and the movant 'shall be permitted to intervene.'" *Fifth Third Bank of W. Ohio v. United States*, 52 Fed. Cl. 202, 203 (2002) (quoting RCFC 24(a)). All required factors for intervention exist with respect to MSC.

First, as one of the contractors selected by NIH for the award of a SOAR IDIQ contract, MSC has a demonstrable interest in the outcome of this litigation. "Under RCFC 24(a), the awardee has a clear right to intervene in a bid protest in which that award is being challenged . . . ." *Slaughter v. United States*, No. 19-683C, 2019 WL 2331384, at *1 (Fed. Cl. May 31, 2019) (unpublished order). Here, the Agency's SOAR award decisions are being challenged through this action. Moreover, together with its Complaint, 22nd Century has filed a motion seeking preliminary injunctive relief which would stay MSC's contract performance pending the outcome of this litigation. Accordingly, MSC has a direct, immediate, and substantial interest in the subject of this action, and MSC's ability to protect its interests as the awardee would be impaired if the Court were not to grant this motion.

Second, "the disposition of this case 'may as a practical matter impair or impede [MSC's] interests.'" *Klamath Irrigation Dist. v. United States*, 64 Fed. Cl. 328, 332 (2005) (quoting RCFC 24(a)(2)). Pursuant to RCFC 24(a)(2), a putative intervenor must demonstrate an interest that is "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Aeroplate Corp. v. United States*, 112 Fed. Cl. 88, 91 (2013). Here, if the Court enters final judgment against the Government, MSC potentially would be stripped of its contract award. A re-evaluation under these circumstances would provide another offeror an opportunity to be selected for award, thus significantly impeding MSC's economic interests. Moreover, 22nd Century has filed a motion seeking preliminary injunctive relief. Accordingly, this bid protest action directly implicates MSC's business interest in receiving, retaining, and performing under the contract awarded by NIH. MSC thus maintains a strong interest in the outcome of this bid protest action, and its interests would suffer if it were not

permitted to intervene. *See, e.g.*, *Benefits Consulting Associates, LLC v. U.S.*, 93 Fed. Cl. 254, 268 (Fed. Cl. 2010).

Third, MSC should be permitted to intervene as a matter of right because the existing parties do not adequately represent MSC's interests. Courts require only a "minimal" burden to show that intervention is necessary on the ground that representation by existing parties may be inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).[2] MSC meets this bar because the interests of MSC and the United States in this proceeding are not sufficiently aligned so as to preserve and protect MSCs interests. *See, e.g.*, *Coastal Int'l Sec., Inc. v. United States*, 93 Fed. Cl. 502, 526 (2010) (finding that the Government could not adequately represent defendant-intervenor's interests where "it has the responsibility to represent only [the agency's] interests.").

Lastly, this motion is timely filed and granting this motion would cause no conceivable prejudice to the existing parties. Notably, both 22nd Century and the Government consent to MSC's intervention in this case. *See*, *e.g.*, *Benefits Consulting Assocs.*, 93 Fed. Cl. at 268.

B.   **Permissive Intervention Is Also Appropriate.**

Alternatively, the Court should permit intervention under Rule 24(b), which empowers the Court to grant intervention on timely motion by anyone who "has a claim or defense that shares with the main action a common question of law or fact." RCFC 24(b)(1)(B). For all the reasons discussed above—primarily that MSC is an awardee of the contract that 22nd Century is challenging in this protest action—MSC has a direct interest in this case, as well as claims or defenses that share common questions of law or fact with the main action. Moreover, MSC's

---

[2] In *Trbovich*, the Supreme Court addressed the issue of intervention under Fed. R. Civ. P. 24(a). RCFC 24 is modeled after that rule.

4

intervention is timely and will not unduly delay or prejudice the adjudication of the original parties' rights.  *See* RCFC 24(b)(3).

## CONCLUSION

For the foregoing reasons, MSC respectfully requests that the Court grant this motion and add MSC as a defendant-intervenor in this action.

Dated: May 5, 2021

*Of Counsel:*

Carla J. Weiss
Moshe B. Broder
Scott E. Whitman
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC  20001

Respectfully submitted,
Jenner & Block LLP

  s/ Noah B. Bleicher
Noah B. Bleicher (Counsel of Record)
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC  20001
(202) 639-6063
nbleicher@jenner.com

*Counsel for Medical Science & Computing LLC*